**UNITED STATES of America and Russell K. Ward, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Irene SCHOENHEINZ, Respondent-Appellant,**

**Ben Johnson, Sam Linder and National Inventory Control Systems, Intervenors-Appellants.**

**No. 76–2016.**

United States Court of Appeals, Ninth Circuit.

March 1, 1977.

---

* Honorable William T. Sweigert, Senior United States District Judge, Northern District of California, sitting by designation.

Clyde R. Maxwell, Newport Beach, Cal., Norman Sepenuk, Portland, Or., for appellants.

Sidney I. Lezak, U. S. Atty., Portland, Or., Gilbert E. Andrews, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioners-appellees.

Before HUFSTEDLER and TRASK, Circuit Judges, and SWEIGERT,* District Judge.

OPINION

PER CURIAM:

Appellant appeals from an order of the district court enforcing an Internal Revenue Service ("IRS") summons directing the appellant to testify and to produce documents relating to taxpayers Johnson, Linder, and National Inventory Control Systems, a corporation. (*Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *United States v. Church of Scientology of California*, 520 F.2d 818 (9th Cir. 1975).) Appellant contends that the district court erred in holding that the employer-stenographer privilege, secured by Oregon's statutory law, could not be asserted in this proceeding to enforce an IRS summons.[1]

1. Section 44.040(1)(f) Oregon Rev.Stat. provides: "A stenographer shall not, without the consent of his or her employer, be examined as to any communication or dictation made by the

Appellant performed secretarial services for the taxpayers and related business entities during the period under investigation. She appeared in response to the summonses, answering some questions and declining to answer others, on the ground that those communications were protected by the Oregon statute. The taxpayers intervened, filed an answer, and moved to dismiss the petition, asserting the employer-stenographer privilege.

 Federal common law controls the application of privilege in this case. (Rule 501, Fed. Rules of Evidence.) There is no federally recognized employer-stenographer privilege, and we decline to create one. We perceive no reason to expand derivative privileges in the federal court system. The relationship between the stenographer and the taxpayers in this case consists solely of an ordinary relationship between a corporation and a corporate employee, or individual employer-businessman and his stenographer.[2]

AFFIRMED.

employer to him or her in the course of professional employment."

**2.** We are not confronted with a Fifth Amendment privilege claim, such as that presented in

*Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), or any claim involving the attorney-client privilege.